**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:08-CR-9-1- JRG-RSP |
| | § | |
| JON MIKAL IRVIN | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On June 18, 2020, the undersigned held a final hearing on the Government's petition (#84) to revoke supervised release. The Government was represented by Assistant United States Attorney Jim Noble. The Defendant, Jon Mikal Irvin, was represented by Ken Hawk.

Jon Mikal Irvin was sentenced on March 19, 2009, before The Honorable T. John Ward of the Eastern District of Texas, after pleading guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of II, was 87 to 108 months. Jon Mikal Irvin was subsequently sentenced to 87 months imprisonment followed by 5 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; testing and treatment for drug abuse; sex offender registration; sex offender treatment and testing; no contact with minors; restrictions from sexually explicit material; search condition; computer monitoring requirements; and computer and internet restrictions. On March 17, 2015, Jon Mikal Irving completed his period of imprisonment and began service of the supervision term.

On June 20, 2016, Mr. Irvin's first term of supervision was revoked by the court for possession of a cellular phone with internet and photographic capabilities, accessing

pornographic websites and sexually explicit conduct, and being discharged unsuccessfully from sex offender treatment. He was subsequently sentenced by The Honorable Rodney Gilstrap of the Eastern District of Texas to 6 months imprisonment followed by 50 months of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; testing and treatment for drug abuse; sex offender registration; sex offender treatment and testing; no contact with minors; restrictions from sexually explicit material; search condition; computer monitoring requirements; and computer and internet restrictions.

Mr. Irvin's conditions were modified by the court on November 23, 2016 to include placement in a residential reentry center, and he was released to the current term of supervision on December 9, 2016. His condition for drug treatment was suspended by the court on February 1, 2017. His conditions were modified on February 15, 2018 to include a condition for mental health treatment and medication, with an additional modification on June 18, 2018 for a second placement in a residential reentry center. He began his term in the reentry center on June 26, 2018.

On September 5, 2018, Mr. Irvin's second term of supervision was revoked by the court for using the internet to download and view images that depict sexually explicit conduct on a daily basis. He was subsequently sentenced by The Honorable Rodney Gilstrap of the Eastern District of Texas to 10 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, to include up to 90 days in a halfway house, or until a personal residence can be secured that is approved by the probation officer, plus special conditions to include financial disclosure; mandatory drug testing condition; testing and treatment for drug abuse; mental health treatment; sex offender registration; sex offender treatment and testing; no contact with minors; restrictions from sexually explicit material; search condition; computer

monitoring requirements; computer, camera, portable electronic devices and internet restrictions; and a 90 day term in the residential reentry center unless a suitable residence is approved. On June 13, 2019, Mr. Irvin was released to begin his third term of supervision to reside in a private residence that was approved by the U.S. Probation Office.

On November 13, 2019, the court modified Mr. Irvin's conditions to include placement in a residential reentry center for a term of 180 days. He began his term in the reentry center on November 26, 2019. His expected date to release was scheduled for May 24, 2020 with 23 days left to serve.

On May 6, 2020, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Mandatory</u>:   You must not commit another federal, state or local crime. Specifically, the Government alleges as follows:  On October 15, 2019, Mr. Irvin was arrested by the Tyler Police Department for the offense of Theft of Property <$2,500, with two Previous Convictions, and then again on November 24, 2019 for a separate offense of Theft of Property <$2,500, with two Previous Convictions, both in Tyler, Texas. Mr. Irvin bonded out in both incidences, and the charges are currently pending in Smith County, Texas

2) <u>Standard</u>:  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. Specifically, the Government alleges as follows: On November 5, 2019, Mr. Irvin admitted to leaving the judicial district on October 18, 2019 without first getting permission from the court or the probation officer. Specifically, Mr. Irvin admitted to traveling through Terrell, TX on his way to Fort Worth, TX when he was contacted by law enforcement officials after a vehicle breakdown.

3) <u>Standard</u>:  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer with 72 hours.  Specifically, the Government alleges as follows: Mr. Irvin failed to notify his probation officer within 72 hours of contact with law enforcement officials after being questioned by officers from the Gladewater Police Department on April 27, 2020.

4) <u>Special</u>:  You must not purchase, possess, have contact with, or use devices to include cellular telephones with photographic capability; cellular telephones with internet capability; laptop computers (other than a computer approved by the probation office which may be subject to monitoring); iPods; Personal Digital Assistants (PDAs); portable data storage devices such as thumb drives and Flash memory; or any other type of portable electronic device that is capable of communicating data via modem, wireless, or dedicated connection.  You must also refrain from the purchase, possession, or use of digital cameras; digital recorders; or any other type of recording and/or photographic equipment.  You must not use or own any device (whether or not at your place of employment, residence, or elsewhere) that can be connected to the Internet or used to store digital materials other than that authorized by the probation officer.  This includes, but is not limited to, desktop computers, laptops, PDA's electronic games, and cellular telephones.  You must not use any device other than the one you are authorized to use.  You must allow the U.S. Probation Office to install software designed to monitor activities.  This may include, but is not limited to, software that may record any and all activity on the computers you may use, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations.  You will pay any costs related to the monitoring of your computer usage. Specifically, the Government alleges as follows:  Mr. Irvin was observed by officers of the Gladewater Police Department to be using a cellular

4

telephone that was internet and photo capable (i.e. a "smartphone") while at the Gladewater Municipal Airport on April 27, 2020. On May 1, 2020, Mr. Irvin admitted to facility staff that he was in possession of and using a smartphone on or around April 27, 2020. Mr. Irvin was not authorized to use any internet-capable device by the probation officer.

5) <u>Standard</u>: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. Specifically, the Government alleges as follows: Mr. Irvin failed to be truthful with the probation officer throughout the month of April 2020, during questioning by the probation officer regarding his compliance with the rules of the reentry center.

6) <u>Standard</u>: You must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. You must abide by the rules and regulations of the center, and pay subsistence according to the U.S. Bureau of Prisons' guidelines. Specifically, the Government alleges as follows: On May 1, 2020, Mr. Irvin was unsuccessfully discharged from the residential reentry center in Tyler, Texas for failing to comply with facility rules.

The Court scheduled a revocation hearing for June 18, 2020. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegation #4 as set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 12 months + 23 days followed by 3 years of

supervised release with the same conditions. The Court recommends service of sentence at FCI Texarkana, Texas and credit for time served from May 8, 2020. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to allegation #4, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 12 months + 23 days followed by 3 years of supervised release with the same conditions. The Court recommends service of sentence at FCI Texarkana, Texas and credit for time served from May 8, 2020.

At the close of the June 18, 2020 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 18th day of June, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE