**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:08-CR-0009- JRG-RSP |
| | § | |
| JON MIKAL IRVIN | § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

On February 16, 2023, the undersigned held a final hearing on the Government's petition (#97) to revoke supervised release.  The Government was represented by Assistant United States Attorney Alan Jackson.   The Defendant, Jon Mikal Irvin, was represented by Jon Hyatt.

Jon Mikal Irvin was sentenced on March 19, 2009, before The Honorable T. John Ward of the Eastern District of Texas, after pleading guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony.   This offense carried a statutory maximum imprisonment term of 10 years.   The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of III, was 97 to 120 months.   Pursuant to §4A1.3, the court found that Mr. Irvin's criminal history category substantially over-represented the seriousness of his criminal history, and a downward departure was found to be reasonable. Therefore, the new guideline imprisonment range, based on a total offense level of 28 and a criminal history category of II, was 87 to 108 months.   Jon Mikal Irvin was subsequently sentenced to 87 months imprisonment followed by 5 years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; drug abuse aftercare; sex offender registration; sex offender aftercare; prohibited from contact with minors; prohibited from viewing sexually explicit material; sex offender search; computer monitoring program requirements; prohibited from possessing portable electronic and/or internet-capable

devices with photographic capability, digital cameras, digital recording and/or photographic equipment; and a $100.00 special assessment.   On March 12, 2015, Mr. Irvin's conditions were modified to include placement in a residential reentry center for 180 days, or until a suitable residence could be established, at which time he can be released.   On March 17, 2015, Jon Mikal Irving completed his period of imprisonment and began service of the supervision term.

On June 20, 2016, Mr. Irvin's first term of supervision was revoked by the court for possession of a cellular phone with internet and photographic capabilities, accessing pornographic websites and sexually explicit conduct, and being discharged unsuccessfully from sex offender treatment.   Mr. Irvin was sentenced to 6 months imprisonment followed by a 50-month term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug abuse aftercare; sex offender registration; sex offender aftercare; prohibited from contact with minors; prohibited from viewing sexually explicit material; sex offender search; computer monitoring program requirements; and prohibited from possessing portable electronic and/or internet-capable devices with photographic capability, digital cameras, digital recording and/or photographic equipment.

Mr. Irvin's conditions were modified by the court on November 23, 2016 to include placement in a residential reentry center, and he was released to the current term of supervision on December 9, 2016.   His condition for drug treatment was suspended by the court on February 1, 2017.   His conditions were modified on February 15, 2018 to include a condition for mental health treatment and medication, with an additional modification on June 18, 2018 for a second placement in a residential reentry center.   He began his term in the reentry center on June 26, 2018.

On September 5, 2018, Mr. Irvin's second term of supervision was revoked by the court

for using the internet to download and view images that depict sexually explicit conduct on a daily basis.  He was sentenced to 10 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, to include up to 90 days in a halfway house, or until a personal residence can be secured that is approved by the probation officer, plus special conditions to include financial disclosure; mandatory drug testing condition; drug abuse aftercare; mental health aftercare; sex offender registration; sex offender aftercare; prohibited from contact with minors; prohibited from viewing sexually explicit material; sex offender search; computer monitoring program requirements; prohibited from possessing portable electronic and/or internet-capable devices with photographic capability, digital cameras, digital recording and/or photographic equipment; and a 90-day term in the residential reentry center unless a suitable residence is approved.  On June 13, 2019, Mr. Irvin was released to begin his third term of supervision to reside in a private residence that was approved by the U.S. Probation Office.

On November 13, 2019, the court modified Mr. Irvin's conditions to include placement in a residential reentry center for a term of 180 days.

On June 18, 2020, Jon Mikal Irvin's third term of supervision was revoked by the Court for possessing a smartphone on or around April 27, 2020.  He was sentenced to 12 months of imprisonment plus 23 days of unserved community confinement, followed by 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; mandatory drug testing condition; drug abuse aftercare; mental health aftercare; sex offender registration; sex offender aftercare; prohibited from contact with minors; prohibited from viewing sexually explicit material; sex offender search; computer monitoring program requirements; prohibited from possessing portable electronic and/or internet-capable

3

devices with photographic capability, digital cameras, digital recording and/or photographic equipment; and a 90-day term in the residential reentry center unless a suitable residence is approved.  On April 1, 2021, Mr. Irvin was released to begin his fourth term of supervised release.  His conditions for drug abuse aftercare and mental health aftercare were suspended by the Court on May 11, 2021.

On January 31, 2023, this petition to revoke was filed.  In its petition, the Government alleges the Defendant violated the following conditions:

1)  Mandatory:    You  must  not  commit  another  federal,  state  or  local  crime. Specifically, the Government alleges as follows:   On February 10, 2022, Jon Mikal Irving was arrested by the Tyler Police Department on a warrant from the Texarkana Police Department for the offense of Theft of Property <$2,500, with 2 or more Previous Convictions.  The offense date is December 6, 2021.  Mr. Irvin posted a $25,000 bond on February 11, 2022 and was released.  As of this writing, the charge is pending.

2)  Mandatory:    You  must  not  commit  another  federal,  state  or  local  crime. Specifically, the Government alleges as follows:   On March 26, 2022, Jon Mikal Irving was arrested by the Tyler Police Department on a warrant from the Texarkana Police Department for the offense of Theft of Property <$2,500, with 2 or more Previous Convictions.  The offense date is December 18, 2021.  Mr. Irvin posted a $25,000 bond on March 31, 2022 and was released.  As of this writing, the charge is pending.

3)  Mandatory:    You  must  not  commit  another  federal,  state  or  local  crime. Specifically, the Government alleges as follows:   Also on March 26, 2022, Jon Mikal Irving was arrested by the Tyler Police Department on a warrant from the Rockwall Police Department for the offense of Theft of Property <$2,500, with 2 or more Previous Convictions.   Mr. Irvin

4

posted a $10,000 bond on March 31, 2022 and was released.  As of this writing, the charge is pending.

4)  <u>Mandatory</u>:   You must not commit another federal, state or local crime.  Specifically, the Government alleges as follows:  On June 1, 2022, Jon Mikal Irving was arrested by the Tyler Police Department for committing Theft of Property <$2,500, with 2 or more Previous Convictions.  This offense was committed on June 1, 2022.  Mr. Irvin posted a $25,000 bond on June 2, 2022 and was released.   As of this writing, the charge is pending.

5)  <u>Mandatory</u>:   You must not commit another federal, state or local crime.  Specifically, the Government alleges as follows:  Also on June 1, 2022, Jon Mikal Irving was arrested by the Tyler Police Department on a warrant from the Titus County Sheriff's Office for Theft of Property <$2,500, with 2 or more Previous Convictions.  Mr. Irvin posted a $25,000 bond on June 2, 2022 and was released.   As of this writing, the charge is pending.

6)  <u>Mandatory</u>:   You must not commit another federal, state or local crime.  Specifically, the Government alleges as follows:  On November 7, 2022, Jon Mikal Irving appeared in Hunt County Court as ordered by a summons and was arrested for the offense of Theft of Property <$2,500, with 2 or more Previous Convictions.   The offense date is December 31, 2021.  Mr. Irvin posted a $10,000 bond on November 7, 2022 and was released.   As of this writing, the charge is pending.

7)  <u>Mandatory</u>:   You must not commit another federal, state or local crime.  Specifically, the Government alleges as follows:  On January 23, 2023, Jon Mikal Irving was arrested by the U.S. Marshals Service on a warrant from the Smith County Sheriff's Office for the offense of Theft of Property <$2,500, with 2 or more Previous Convictions.  The offense date is June 1, 2022.  On January 24, 2023, Mr. Irvin posted a bond of $45,000 and was

released.   As of this writing, the charge is pending.

8)  <u>Mandatory</u>:   You must not commit another federal, state or local crime. Specifically, the Government alleges as follows:  On January 23, 2023, Jon Mikal Irving was arrested by the U.S. Marshals Service on a warrant from the Smith County Sheriff's Office for the offense of Injury to a Child/Elderly/Disabled with Intent to Cause Bodily Injury.  The offense date is January 24, 2023.   Mr. Irvin posted a bond of $100,000 and was released.   As of this writing, the charge is pending.

9)  <u>Mandatory</u>:   You must not commit another federal, state or local crime. Specifically, the Government alleges as follows:  Also on January 23, 2023, Jon Mikal Irving was arrested by the Smith County Sheriff's Office on a warrant from the Rockwall County Sheriff's Office for the offense of Theft of Property <$2,500, with 2 or more Previous Convictions.  On January 24, 2023, Mr. Irvin posted a $10,000 bond and was released.   As of this writing, the charge is pending.

10)  <u>Standard</u>:   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. Specifically, the Government alleges as follows:  Information provided to the probation office on January 10, 2022, by Academy Sports and Outdoors, indicated Jon Mikal Irvin traveled outside of the Eastern District of Texas on numerous occasions beginning on December 28, 2021.  Mr. Irvin traveled to Academy Stores in the Norther District of Texas and Western District of Louisiana on at least five (5) dates between December 28, 2021 and January 8, 2022. Mr. Irvin used his bank card at each of these locations.  Mr. Irvin did not have permission to travel outside of the Eastern District of Texas on any of these dates.

11)  <u>Standard</u>:   You must not knowingly leave the federal judicial district where you are

authorized to reside without first getting permission from the court or the probation officer. Specifically, the Government alleges as follows:   As evidenced by the offense date noted in the charge of Theft of Property <$2,500 with 2 or More Previous Convictions from the Hunt County Sheriff's Office, Jon Mikal Irvin traveled to the Northern District of Texas on December 28, 2021.  Mr. Irvin did not have permission to leave the Eastern District of Texas on this date.

12)   Standard:   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. Specifically, the Government alleges as follows:   On February 3, 2022, Jon Mikal Irvin was ticketed by a Harris County Sheriff's deputy for failing to signal a lane change.  Mr. Irvin was near Houston, Texas at the time, and did not have permission to travel to the Southern District of Texas.   On February 10, 2022, Mr. Irvin admitted to traveling to Houston without permission.

13)   Standard:   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. Specifically, the Government alleges as follows:   The probation officer spoke to an individual who confirmed Jon Mikal Irvin came to her house in Dallas, Texas on or around January 20, 2023.  Mr. Irvin did not have permission to travel to the Northern District of Texas on or around that date.

14)   Standard:   You must answer truthfully the questions asked by your probation officer.  Specifically, the Government alleges as follows:  During a home visit on January 12, 2022, Jon Mikal Irvin was asked if he had traveled outside of the Eastern District of Texas without approval on any date since the last home visit on December 11, 2021.  Mr. Irvin denied any unapproved travel.  As evidenced by the information provided by Academy Sports and Outdoors and the offense date from the Hunt County Sheriff's Office, Mr. Irvin did travel

7

outside of the Eastern District of Texas between December 11, 2021 and January 12, 2022.   Mr. Irvin did not request or have permission for this travel, and as such, was not truthful with the probation officer when answering the question.

15)   Special:   You must reside in a residential reentry center or similar facility, in a prerelease component for a period of 90 days to commence upon release from confinement and must observe the rules of that facility.   Upon securing a suitable residence approved by the U.S. Probation Office, you shall be released.   Specifically, the Government alleges as follows:   On June 7, 2021, Jon Mikal Irvin was unsuccessfully discharged from the County Rehabilitation Center for receiving an incident report related to employment termination.   Mr. Irvin completed 67 days of the 90-day placement, leaving him with 23 days of unserved community confinement time.

16)   Special:   You must participate in sex offender treatment services.   These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor your compliance, treatment progress, and risk to the community.   You must abide by all rules and regulations of the treatment program, until discharged.   The probation officer, in consultation with the treatment provider, will supervise your participation in the program.   You must pay any costs associated with treatment and testing.   Should you fail to pay as directed, you must perform 3 hours of community service for each unpaid session. Specifically, the Government alleges as follows:   On January 25, 2023, Jon Mikal Irvin was unsuccessfully discharged from sex offender treatment for violating the rules of the treatment program, specifically, the arrest for assault on January 23, 2023.

The Court scheduled a revocation hearing for February 16, 2023.   At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant

8

pled true to allegation nos. 10-13 as set forth above.  Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 24 months with no further supervised release to follow.  The Court recommends service of sentence at FCI Texarkana, Texas.  Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to allegation nos. 10-13, as set forth in the Government's petition, be **ACCEPTED**.  Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release.   It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**.  It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 24 months with no further supervised release to follow. The Court recommends service of sentence at FCI Texarkana, Texas.

At the close of the February 16, 2023 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence.  Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 17th day of February, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE